# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 Fax

MARY B. GRAHAM
(302) 575-7287
mgraham@mnat.com

March 18, 2005

**BY HAND DELIVERY AND ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Court
844 N. King Street
Wilmington, DE 19801

Re: Abbott Laboratories v. Bayer Healthcare LLC, C.A. No. 04-1251 (GMS)

Dear Judge Sleet:

Enclosed please find the agreed-upon form of scheduling order that reflects the dates discussed at the scheduling conference and the parties' further agreed-upon dates.

Respectfully,

Mary Graham

Mary B. Graham

MBG/dam
Enclosure

cc: Dr. Peter T. Dalleo, Clerk (By Hand; w/enclosure)
James D. Heisman, Esq. (By Facsimile; w/enclosure)
Dale Heist, Esq. (By Facsimile; w/enclosure)
Jeffrey I. Weinberger, Esq. (By Facsimile; w/enclosure)

456284

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT LABORATORIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1251 (GMS) |
| | ) | |
| BAYER HEALTHCARE LLC, | ) | |
| | ) | |
| Defendant, | ) | |
| Counterclaimant. | ) | |

**SCHEDULING ORDER [PATENT]**

This _____ day of _____ 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on Thursday, February 17, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before April 4, 2005.

2. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before June 29, 2005.

3. **Reliance Upon Advice of Counsel**. Defendant shall inform plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than September 1, 2005. If defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall produce any such opinions on which defendant intends to rely and

other documents required to be produced as a result of the election to plaintiff no later than September 1, 2005.

4. **_Markman_ Claim Construction Hearing**. A _Markman_ claim construction hearing shall be held on October 4, 2005 at 9:30 am. The _Markman_ hearing is scheduled for a half day, equally split between the parties. On or before July 6, 2005 the parties shall meet and confer regarding narrowing and reducing the number of claim construction issues and on or before June 29, 2005 shall exchange their list of claim terms they believe are in dispute and their proposed construction of those claims. On or before July 22, 2005, the parties shall submit a final joint claim chart which shall include citations to intrinsic evidence. The parties shall exchange opening claim construction briefs on August 12, 2005, and the answering claim construction briefs on August 26, 2005.

5. **Discovery**. All discovery in this case shall be initiated so that it will be completed on or before October 14, 2005.

   a. **Expert Reports and Depositions**. Opening expert reports on issues for which a party bears the burden of proof shall be served on opposing counsel on or before December 20, 2005. Responsive expert reports shall be served on opposing counsel on or before January 17, 2006. By agreement of the parties, one deposition, up to seven (7) hours in length, may be conducted with respect to each report or declaration by a given expert. The last day of depositions of experts shall be February 10, 2006.

   b. **Interrogatories.** Each side shall be limited to a total of 35 interrogatories, including sub-parts, absent further agreement of the parties or order of the Court.

   c. **Fact Depositions**. Each side shall be allocated 115 hours in which to take fact depositions.

    d.  <u>Discovery Matters</u>. Should counsel find they are unable to resolve a discovery matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the Court a letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court shall order the party seeking relief to file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

    6.  <u>**Confidential Information and Papers Filed Under Seal**</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 10 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

    **If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

    7.  <u>**Settlement Conference**</u>. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a

settlement. A combined settlement conference is currently scheduled in conjunction with case no. CV 03-189.

8. **Summary Judgment Motions**. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than November 11, 2005. Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than November 18, 2005. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before November 23, 2005. The Court shall hold a telephonic status conference to hear argument and to determine whether the filing of any motion will be permitted on November 30, 2005 at 10:00 am. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9. **Case Dispositive Motions**. Should the Court permit the filing of summary judgment motions an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before January 4, 2006. Answering briefs shall be filed with the Court on or before January 24, 2006. Reply brief shall be filed with the Court on or before February 3, 2006. Parties must submit an original and two (2) copies. Briefing will be presented pursuant to the Court's Local Rules.

10. **Applications by Motion**. Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

12. **Status/Daubert Conference**. On or before February 16, 2006, the parties shall submit a joint agenda identifying any Daubert issues that the parties intend to raise. The Court will hold a telephone conference on February 23, 2006 at 10:00 am to discuss Daubert issues identified in the joint agenda.

13. **Pretrial Conference**. On May 10, 2006, the Court will hold a Pretrial Conference in Chambers with counsel beginning at ___ a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. Motions *in limine*: No party shall file more than ten (10) motions *in limine*. Opening *in limine* briefs and Daubert motions shall be due on or before March 28, 2006 and Answering *in limine* and Daubert briefs shall be due on or before April 3, 2006. Opening and answering *in limine* briefs shall not exceed five (5) pages. The parties will file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before April 19, 2006.

14. **Trial**. This matter is scheduled for a two week trial beginning at ___ a.m. from June 19, 2006 to July 1, 2006.

15. **Scheduling**. The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

_____
UNITED STATES DISTRICT JUDGE

454763