IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT LABORATORIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No.  04-1251 (GMS) |
| | ) | |
| BAYER HEALTHCARE LLC, | ) | |
| | ) | |
| Defendant, | ) | |
| Counterclaimant. | ) | |
| | ) | |

**ABBOTT LABORATORIES' RESPONSES AND OBJECTIONS TO DEFENDANT
BAYER HEALTHCARE'S FIRST NOTICE OF DEPOSITION PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff

Abbott Laboratories ("Abbott") hereby submits these responses and objections to Defendant

Bayer Healthcare LLC's ("Bayer") First Rule 30(b)(6) Notice of Deposition ("Notice") as

follows:

## <u>GENERAL OBJECTIONS</u>

1.      Abbott objects to the Notice to the extent it seeks disclosure of

information protected from discovery by the attorney-client privilege, the attorney work product

doctrine, any privilege applicable to settlement communications, or any other applicable

privilege.  Abbott intends to and does claim privilege with respect to all such information.  Any

inadvertent production of privileged information does not constitute a waiver of any of these

privileges.

2.      Abbott objects to the Notice to the extent it seeks disclosure of information beyond the scope of the discovery obligations imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.      Abbott objects to the Notice to the extent it seeks disclosure of confidential information containing trade secret or other confidential information.  To the extent Abbott produces such information, it will do so subject to the protective order entered in this case.

4.      Abbott objects to Bayer's Definitions as vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

5.      Each of the above general objections is incorporated by reference as if fully set forth in Plaintiff's objections and responses below.

## SPECIFIC OBJECTIONS AND RESPONSES

1.      Abbott objects to the subject matter set forth in paragraph 1 on the ground that it calls for attorney client privileged information and/or attorney work product.  Abbott also objects to producing a witness to testify on this subject matter because it is not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, Abbott will not produce a witness to address this subject matter.

2.      Abbott objects to the subject matter set forth in paragraph 2 on the ground that it calls for attorney client privileged information and/or attorney work product.  Abbott also objects to producing a witness to testify on this subject matter because it is not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, Abbott will not produce a witness to address this subject matter.

3.      Abbott objects to the subject matter set forth in paragraph 3 on the ground that it calls for attorney client privileged information and/or attorney work product.  Abbott also objects to producing a witness to testify on this subject matter because it is not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, Abbott will not produce a witness to address this subject matter.

4.      Abbott objects to the subject matter set forth in paragraph 4 on the ground that it calls for attorney client privileged information and/or attorney work product.  Abbott also objects to producing a witness to testify on this subject matter because it is not reasonably calculated to lead to the discovery of admissible evidence.  Abbott further objects to the subject matter set forth in paragraph 4 on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome,.  Accordingly, Abbott will not produce a witness to address this subject matter.

5.      Abbott objects to the subject matter set forth in paragraph 5 on the ground that it calls for attorney client privileged information and/or attorney work product.  Abbott also objects to producing a witness to testify on this subject matter because it is not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, Abbott will not produce a witness to address this subject matter.

6.      Abbott objects to the subject matter set forth in paragraph 6 on the ground that it calls for attorney client privileged information and/or attorney work product.  Abbott also objects to producing a witness to testify on this subject matter because it is not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, Abbott will not produce a witness to address this subject matter.

7.      Abbott objects to the subject matter set forth in paragraph 7 on the ground that it calls for attorney client privileged information and/or attorney work product.  Abbott also

objects to producing a witness to testify on this subject matter because it is not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, Abbott will not produce a witness to address this subject matter.

        8.    Abbott objects to the subject matter set forth in paragraph 8 on the ground that it calls for attorney client privileged information and/or attorney work product.  Abbott also objects to producing a witness to testify on this subject matter because it is not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, Abbott will not produce a witness to address this subject matter.

MORRIS NICHOLS ARSHT & TUNNELL

/s/  James W. Parrett, Jr.
Mary B. Graham, #2256
James W. Parrett, Jr. #4292
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899
(302) 658-9200

*Attorneys for Plaintiff and Counterdefendant*
*Abbott Laboratories*

OF COUNSEL:

MUNGER, TOLLES & OLSON LLP
Jeffrey L. Weinberger
Garth T. Vincent
Andrea Weiss Jeffries
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071
(213) 683-9100

March 25, 2005

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 25, 2005, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

### <u>BY HAND:</u>

James D. Heisman, Esq.
Connolly Bove Lodge & Hutz LLP
1220 Market Street
Wilmington, DE 19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on March 25, 2005 upon the following individuals in the manner indicated:

| <u>BY HAND</u> | <u>BY FACSIMILE</u> |
|---|---|
| James D. Heisman, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>1220 Market Street<br>Wilmington, DE 19801 | Dale M. Heist, Esq.<br>Woodcock Washburn LLP<br>One Liberty Place, 46th Floor<br>17th and Market Street<br>Philadelphia, PA 19103 |

/s/ James W. Parrett, Jr.
James W. Parrett, Jr. (#4292)