IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>BAYER HEALTHCARE LLC,<br><br>　　　　　　Defendant. | C.A. No. 04-1251 (GMS) |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by the parties, subject to the approval of the Court, that:

　　1.　Proceedings and Information Governed.

This Order shall govern any document, information or other thing furnished by any party, including third parties, to any other parties in connection with the discovery and pretrial phase of this action. The information protected includes, but is not limited to, documents and written responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof. The Order does not govern proceedings during trial nor does it prohibit either party or a third party from seeking a Protective Order to govern proceedings during trial or thereafter.

　　2.　Types of Information for Protection Under This Order.

"Confidential Information" shall mean confidential or proprietary information produced in discovery which is not generally known and which the producing party would not

normally reveal to third parties or would cause third parties to maintain in confidence; which the producing party believes would reveal trade secrets, proprietary research or development data, confidential manufacturing processes or marketing strategies; or which is likely to have the effect of harming the competitive position of the producing party.

      3.     <u>Designation of Information for Protection Under This Order</u>.

Any such information produced in this action that is reasonably believed by the producing party to be non-public, proprietary or confidential may be designated as "Confidential Information," by stamping or otherwise marking the information prior to production. In the case of written material, documents or tangible items, the designation shall be made at the time the receiving party is provided a copy of the writing or thing. In the case of deposition testimony, a party seeking to invoke the protection of this Order shall give prompt notice thereof at the deposition or within fifteen (15) days after receipt of the deposition transcript. In the event such notice is given, the provisions of paragraphs 14 and 15 below shall apply.

In the event that information is provided under this Order, whether in written or oral form, without any designation of confidentiality, such information may be designated as Confidential Information at a later time, and shall be treated as such by all parties hereto as though such information had been designated when originally provided, except to the extent that such information has already been disclosed to individuals who otherwise would not have been entitled to have access to the information, the party that made such disclosure shall identify such recipients to the other parties in this action.

If a party (or third party subject to subpoena) decides to add a designation to any document previously produced without designation, or to delete the designation on any document previously produced, the producing party (or third party ) shall produce to the other parties substitute copies of such documents bearing the desired designation. The parties to

whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return to the producing party the previously produced documents.

  4.  <u>Disclosure of Confidential Information</u>.

  Information marked "Confidential Information" may be disclosed by the receiving party to the following recipients only:

  (a)  Outside counsel employed by the parties with responsibility for this action and their respective associates, clerks, legal assistants, stenographic and support personnel, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organization;

  (b)  Four (4) designated in-house counsel for each party, as follows:

   (i)  For Abbott: Michael McCann (Litigation Counsel), Jose Rivera (Divisional Vice President, Litigation), and to a limited extent, David Weinstein (Patent Counsel) and William Murray (Senior Counsel), so long as they comply with paragraph 6, below, and continue in the employment of Abbott. In order to receive "Confidential Information" none of these individuals shall be involved in the prosecution of any patent applications in the family of the patents in suit currently or in the future. Furthermore, neither Mr. Weinstein nor Mr. Murray shall have access to any Bayer "Confidential Information" pertaining to any of Bayer's future developmental technology. Abbott shall create a screening procedure to ensure that Mr. Murray and Mr. Weinstein do not gain access to any such Bayer "Confidential Information."

   (ii)  For Bayer Healthcare: Kenneth Wobbekind (Vice President Assistant General Counsel), and, to a limited extent, Andrew Klawitter (Vice President, Patents and Licensing, Diagnostics Division), and two Bayer Healthcare LLC attorneys yet to be

designated, so long as they comply with paragraph 6, below, and continue in the employment of Bayer Healthcare LLC.  Furthermore, Mr. Klawitter shall not have access to any Abbott "Confidential Information" pertaining to any of Abbott's future developmental technology.  Bayer shall create a screening procedure to ensure that Mr. Klawitter does not gain access to any such Abbott "Confidential Information."

        (iii)    Should either party seek to substitute another in-house counsel for one of the individuals identified in paragraphs 4(b)(i) or 4(b)(ii) above, that party shall notify the other by serving a declaration in the form attached hereto as Exhibit B and the parties shall work in good faith to reach agreement.  If the parties are unable to reach agreement, they shall proceed in accordance with paragraph 6 of this Order.

    (c)    Independent experts and consultants, and the employees of such experts and consultants who are assisting them, retained or consulted by counsel for any party for the purpose of assisting counsel in the litigation, and subject to the provisions of paragraph 8 (but excluding any personnel regularly employed by a party or a competitor of a party and any person whose testimony will consist of lay opinions rather than expert opinions);

    (d)    Any deponent during a deposition where the deponent is an author or recipient of the document in question, but the deponent shall not be permitted to retain any such documents or things or any copies thereof unless otherwise authorized to receive such information under this Order;

    (e)    Any certified shorthand or court reporters operating video equipment at depositions retained to report a deponent's testimony in this case;

    (f)    Third party contractors, including employees and agents thereof involved solely in one or more aspects of organizing, filing, copying, coding, converting, sorting, or

retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

      (g)    The Court, including its clerks, reporters and staff;

      (h)    The persons permitted under paragraph 13 below; and

      (i)    Such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

    5.    <u>Inspection/Marking</u>.

In the event that the producing party elects to make documents available for inspection, the producing party need not mark the documents in advance of the inspection, and all such documents or other materials shall be treated as "Confidential Information" until designated otherwise at the time that copies are provided to the receiving party. Prior to producing the documents to the receiving party, the producing party shall mark copies of the selected documents with the appropriate designation.

In the event that the producing party elects to make documents available for inspection, the producing party shall produce to the receiving party documents selected for production in a diligent manner.

Any initial inspection of documents (including physical objects) provided by a producing party shall not constitute a waiver of privilege or confidentiality of any document so inspected.

    6.    <u>Declarations; Violations</u>.

Each attorney seeking access pursuant to paragraph 4(a) and 4(b) above to information designated "Confidential Information" hereunder shall file a declaration, in the form attached hereto as Exhibit B, certifying the attorney's appropriate separation from the

5

competitive decision making of his or her client and the attorney's undertaking to maintain the appropriate security as to confidential items disclosed to the attorney. Such declarations may be served upon all counsel of record by facsimile or email. Upon receiving a declaration pursuant to this paragraph from an attorney referred to in paragraph 4(a) above, or from an attorney seeking to substitute for one of the attorneys named in paragraphs 4(b)(i) or 4(b)(ii) above, any party objecting to a particular attorney's having access to Confidential Information may file a motion with the Court demonstrating good cause why the attorney should not be granted such access. To the extent possible, the Court shall attempt to hear and resolve such motions on an expedited basis including, where appropriate, by means of a telephonic hearing. A motion challenging the right of an attorney to access Confidential Information shall be filed no later than seven days following receipt of the attorney's notice of appearance or declaration, whichever is later.

      Each person referred to in paragraph 4 hereof, except persons falling under paragraph 4(a) and 4(b), and Court personnel falling under paragraph 4(g) above, to whom Confidential Information is to be given, shown, disclosed, made available or communicated in any way, shall execute a declaration, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order. The executed declarations shall be maintained by counsel for the party that has disclosed the Confidential Information.

      A party believing there has been a violation of the protective order must provide written notice of such belief to all other parties. The parties thereafter shall informally attempt to resolve the matter promptly, but the responding party shall have at least five (5) business days to investigate the assertion. If the parties are unable to resolve the issue, then the party asserting

that a violation occurred shall move the Court for relief and give written notice to all parties of its intent to so move.

7. <u>Disclosure to Experts</u>.

At least five (5) business days prior to giving, showing, disclosing, making available or communicating Confidential Information to any person referred to in paragraph 4(c), the disclosing party shall deliver to all other parties a copy of the declaration (Exhibit A hereto) signed by the person to whom Confidential Information is proposed to be disclosed and a description setting forth the person's name, office address, and employment history.  Any other party shall be entitled to object to such disclosure within five (5) business days after service of the copy of the declaration of the person to whom Confidential Information is to be disclosed by stating specifically in writing the reasons why that party believes such person should not receive Confidential Information.  In the event of such an objection, no disclosure of Confidential Information shall be made to such person for a period of five (5) business days following the date of service of the objection, in order to permit the objecting party to move for an Order that disclosure not be made to said persons, or made only under certain conditions.  Any such motion shall be set for the earliest possible date on the Court's motion calendar, and shall not be continued without the consent of all parties.  If no such motion is made in such time and manner, Confidential Information may be disclosed to such person for the purpose and upon the conditions therein stated.  If such a motion is made, there shall be no disclosure to such person until the Court has ruled upon the motion, and then only in accordance with the ruling so made.  The filing and pendency of such motion shall not limit, delay or defer any disclosures of the Confidential Information to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery.

It is understood and agreed that if pursuant to this Order a party identifies a person as an expert, no other party shall contact the expert nor subject the expert to discovery to inquire into matters arising within the expert's consultation with the identifying party, except as provided under the Federal Rules of Civil Procedure.

8. <u>Use</u>.

Confidential Information shall be used by the party and persons to whom it is disclosed solely in conducting this action and any appellate proceeding related thereto. Confidential Information shall not be used by such party or persons for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further Order of the Court. No person who is furnished Confidential Information shall disclose it to any person not entitled under this Order to receive it.

9. <u>Inadvertent Production</u>.

Inadvertent production of a privileged or confidential document does not constitute a waiver of such privilege or confidential status. If a party inadvertently produces documents or information that it considers privileged or otherwise protected from disclosure, in whole or in part, or learns of the production of documents or information containing what it believes to be is privileged or otherwise protected from disclosure, the party may retrieve such documents or information as follows:

(a) Within ten (10) days of the date of discovery, the party shall give written notice to all other parties of the claimed privilege or other protection from disclosure, as well as the factual basis for asserting it.

(b) Any party who has received the document or information at issue shall promptly return all copies to the producing party. In the event that only part of a document is claimed to be privileged or otherwise protected from disclosure, the party giving notice shall also

furnish to the other parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected.

    (c)    The provisions of subparagraphs (a) and (b) above are without prejudice to any other rights any party may have with respect to challenging or defending any claim of privilege or protection from disclosure.

10.    <u>Documents Produced In CA No. 03-189 GMS</u>

Documents produced in *Bayer Healthcare LLC v. Abbott Laboratories*, CA No. 03-189, may be used in this matter, but need not be produced and/or made available anew in this matter. Confidentiality designations attributed to such previously produced documents will apply in this matter.

11.    <u>Court Procedures</u>.

    (a)    Pleadings which contain or incorporate Confidential Information shall be filed in sealed envelopes or other appropriate containers on which shall be endorsed the title of the action to which they pertain an indication of the nature of the contents of the sealed envelope or other container, the word 'CONFIDENTIAL," and a statement substantially in the following form:

> THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF
> THE COURT, CONTAINS CONFIDENTIAL INFORMATION
> AND IS NOT TO BE OPENED NOR THE CONTENTS
> REVEALED EXCEPT BY ORDER OF THE COURT.

    (b)    Any Court hearing which refers to or describes Confidential Information shall in the Court's discretion be held in camera.

12. <u>Party's Own Information</u>.

The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use by a party of Confidential Information received from any other party. A party is free to do whatever it desires with its own information.

13. <u>Removal</u>.

A party may seek to remove particular items of Confidential Information provided by the other party from this Order. In such event, the following procedure shall be utilized:

(a) The party or person seeking such downgrade or removal shall give counsel of record for the other party written notice thereof, supported by reasons therefor specifying the document, information or other thing as to which such downgrade or removal is sought;

(b) If the parties cannot reach agreement concerning the matter within seven (7) days after delivery (or in the case of mailing, ten (10) days thereafter) of the notice, or such shorter time as the Court may allow, then the party seeking the downgrade or removal of Confidential Information from this Order may file and serve a motion for an Order of this Court for appropriate relief. Any such motion should be set for the earliest possible date on the Court's law and motion calendar, and shall not be continued without the consent of all parties. The party seeking to protect the information and/or document bears the burden, in any such motion, to establish the appropriateness of the protection or decree of protection sought.

No party shall be obligated to challenge the propriety of the designation of any material as Confidential Information upon its production in this case, and a failure to do so shall not preclude any subsequent objection to such designation or motion for leave to disclose such material or the information contained therein to persons not referred to in this Order, or from otherwise modifying the provisions of this Order.

14. <u>Disclosure to Author, Addressee or Party</u>.

Nothing herein shall prohibit a party, or its counsel, from disclosing a document which is Confidential Information to the person who is the author or named recipient of such information, including persons copied thereon.

15. <u>Depositions</u>.

Any deposition reporter who takes down testimony in this action or at a deposition shall be given a copy of this Order and shall be required to agree before taking down any such testimony, that all testimony and information revealed at the deposition shall not be disclosed by such reporter or any person who transcribed such testimony except to the deponent, the attorneys of record for the parties in this action and their staff.  In addition, all deposition testimony and exhibits designated "Confidential Information" shall be bound in a separate transcript, and clearly marked on each page as such.  If counsel designates any deposition testimony as Confidential Information within the fifteen (15) day (or other agreed) period after receiving the deposition transcript, counsel shall specifically identify in writing which portions by line and page number that are to be so designated and shall send such writing to counsel for all parties involved in the action.  Further, counsel for all parties will be responsible for marking appropriate pages of the deposition so designated "Confidential Information".  Unless so designated, any confidentiality is waived after the expiration of the 15-day (or other agreed) period, unless otherwise stipulated or ordered.

16. <u>Exclusion from Deposition</u>.

Whenever any document, information or other things designated as "Confidential Information" are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information or other things designated as "Confidential Information".

17. <u>Subpoenas</u>.

In the event any person receives a subpoena or other process or Order to produce documents or other tangible things, then the following process shall govern: Within ten (10) working days of receiving these documents or other tangible things pursuant to subpoena or other process or Order to produce documents or other tangible things, any party may designate the material as "Confidential Information". During the ten day period after disclosure, the information shall be considered "Confidential." If no designation is made after the ten working days, then the information will not be confidential. If a motion to quash or modify the subpoena, process or Order is made, there shall be no disclosure of the subject matter objected to pursuant to the subpoena, process or Order, except sufficient to identify it for purposes of the motion to quash, until the Court has ruled on the motion, and then only in accordance with the ruling so made.

18. <u>No Waiver</u>.

Neither the taking of, nor the failure to take, any action to enforce the provisions of this Protective Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of a right to seek and obtain protection or relief, other than as specified herein, of any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection, or that such information embodies trade secrets of any party. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve any party of the necessity of proper response to discovery devices.

19. <u>No Waiver of Privilege</u>.

Nothing in this Protective Order shall be deemed a waiver of the attorney-client, work product or other privilege or immunity, or of the right of any party to this action to oppose production of any information or documents as being outside the scope of discovery authorized by the Federal Rules of Civil Procedure or otherwise.

20. <u>No Limit on Parties' Rights to Discovery</u>.

Nothing in this Protective Order shall be construed to limit, restrict or otherwise affect the ability of the parties to seek the production of documents, testimony or any other information from any source.

21. <u>Advice of Counsel to Party</u>.

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on "Confidential Information" materials; provided, however, that in rendering such advice counsel shall not produce to their client any such materials or disclose the information contained therein, except insofar as allowed (if allowed at all) under the terms of this Order.

22. <u>Disclosure of Confidential Information to Unauthorized Person</u>.

If "Confidential Information" or material or information contained therein is disclosed to any person other than those entitled to disclosure in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating party in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized person(s). Notwithstanding the foregoing, counsel of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of "Confidential Information." Nothing in this Protective Order shall prevent a party to move the

Court for an order of contempt or other such relief, including damages, for any violation of this Protective Order.

23. Return of Information.

At the conclusion of this action, all Confidential Information and all documents which reflect such information (except as provided below), and a list of all persons who signed declarations in respect thereto, shall, upon the request of the party furnishing such Confidential Information, be (i) delivered to the party that furnished such Confidential Information or (ii) in lieu of delivery to the furnishing party, destroyed, in which event counsel shall give written notice of such destruction to opposing counsel. In no event shall a party retain a copy of the Confidential Information produced to it, except that outside litigation counsel may keep one copy of pleadings containing confidential information for archival purposes. The Clerk of the Court may return or destroy any sealed information provided during the course of the litigation at its termination. Nothing in this protective order requires the return or destruction of attorney work-product or attorney-client communications of any party which is maintained and stored by counsel in the regular course of business.

24. Court's Jurisdiction.

The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate. The provisions of this Protective Order regarding the use and/or disclosure of Confidential Information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Protective Order.

25. Effective Date.

Upon the signing of this Protective Order by the United States District Court Judge, this Protective Order shall be effective as against all party signatories hereto as of the date

such signature of that party or party's representative, thereby rendering this Order effective nunc pro tunc to the date of such party's signature.

    26.    <u>Amendment</u>.

Any party may move the Court to amend this Agreement at any time. Moreover, parties entering into this Agreement will not be deemed to have waived any of their rights to seek later amendment to this Agreement.

| MORRIS, NICHOLS, ARSHT & TUNNELL | CONNOLLY BOVE LODGE & HUTZ LLP |
|---|---|
|     */s/ James W. Parrett, Jr.* |     */s/ James D. Heisman* |
| Mary B. Graham (#2256) | Jeffrey B. Bove (#998) |
| James W. Parrett, Jr. (#4292) | James D. Heisman (#2746) |
| 1201 North Market Street | 1007 N. Orange Street |
| P.O. Box 1347 | P.O. Box 2207 |
| Wilmington, Delaware 19899 | Wilmington, DE 19899 |
| (302) 658-9200 | (302) 658-9141 |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Abbott Laboratories | Bayer Healthcare LLC |
| | |
| OF COUNSEL: | OF COUNSEL: |
| | |
| MUNGER, TOLLES & OLSON LLP | WOODCOCK WASHBURN LLP |
| Jeffrey L. Weinberger, Esq. | Dale M. Heist, Esq. |
| Garth T. Vincent, Esq. | Gary H. Levin, Esq. |
| Stuart N. Senator, Esq. | Lynn B. Morreale, Esq. |
| Andrea Weiss Jeffries, Esq. | Paul B. Milcetic, Esq. |
| 355 South Grand Avenue | Stephen C. Timmins, Esq. |
| 35th Floor | One Liberty Place, 46th Floor |
| Los Angeles, CA 90071 | Philadelphia, PA 19103 |
| (213) 683-9100 | (215) 568-3100 |

SO ORDERED this \_\_\_\_ day of _____, 2005.

_____
United States District Judge

**EXHIBIT A**

**UNDERTAKING FOR RECEIPT AND
USE OF CONFIDENTIAL MATERIALS**

I hereby certify my understanding that confidential material or information is being provided to me by counsel, pursuant to the terms and restrictions of the Protective Order (the "Order"), entered by the United States District Court for the District of Delaware (the "Court") in an action entitled <u>Abbott Laboratories v. Bayer Healthcare LLC</u>, C.A. No. 04-1251 (GMS).

I further certify that I have been provided a copy of and have read and understood the Order; and that I will fully comply with the Order and all of its terms and restrictions as such shall apply to me; and that I hereby agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Order. I agree that I shall not disclose confidential material or information to anyone other than persons permitted to have access to such material or information pursuant to the terms and restrictions of the Order. I further agree that, upon termination of this action, or sooner if so requested, I shall return to counsel all confidential material provided to me, including all copies and excerpts thereof.

I understand that violation of the Order may be punishable by contempt of Court.

Name:

Business Address:

Employment history (may be attached on a separate page):

Dated:_____, 200__                          _____

1

**EXHIBIT B**

**DECLARATION OF COUNSEL FOR RECEIPT AND
USE OF CONFIDENTIAL MATERIALS**

I, _____[name]_____, hereby certify that I am a counsel for [party]_____ with responsibilities for this action. I have read the Protective Order entered by the Court and agree to be bound by all of its terms as they apply to me. I further certify that I will keep confidential documents and information from unauthorized persons by taking whatever security measures are appropriate. I agree that I shall not disclose confidential material or information to anyone other than persons permitted to have access to such material or information pursuant to the terms and restrictions of the Protective Order. I further certify that my duties are solely those of an attorney in the [Legal Department of party] [the law firm retained by (party) as outside counsel]. I am not involved in the "competitive decisionmaking" of _____[party]_____, meaning that I do not advise or participate in any or all of _____[party]_____ 's business decisions, such as pricing and product design, made in light of similar or corresponding information about competitors. I may be involved, from time to time, in rendering legal advice with regard to the design and re-design of _____[party's]_____ products, but understand that I may not use any "Confidential Information" obtained in this lawsuit in those design and/or re-design efforts.

Dated:_____, 200__        _____

2