IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **Abbott Laboratories, Inc.** | ) | Civil Action No. 04-1251-GMS |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Bayer Healthcare LLC,** | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |

## DECLARATION OF JASON L. HAAS IN SUPPORT OF ABBOTT LABORATORIES REQUEST FOR DISMISSAL

I, Jason L. Haas, hereby declare as follows:

1. I am an attorney at law of the State of California and a lawyer at Munger, Tolles & Olson, counsel for Plaintiff Abbott Laboratories. I submit this declaration in support of Abbott's request for an order of dismissal in this action. The contents of this declaration are within my personal knowledge, and I could and would testify competently thereto if called as a witness.

2. In Bayer's letter to this Court dated August 16, D.I. 45, Bayer identified paragraphs 7, 12, and 17 of Abbott's Complaint, D.I. 1, as its basis for arguing that Abbott's Complaint charged Bayer products other than the ADVIA Centaur with infringement. At 2.

3. In its Answer, D.I. 7, Bayer responded to those paragraphs of Abbot's Complaint with the single word "Denied." At ¶¶ 7, 12, and 17.

4. In its First Set of Interrogatories, Abbott asked Bayer to "[s]tate...all factual and legal bases for Bayer's denials of infringement set forth in paragraphs 12, 13, 17, and

1119988.2

18 of Bayer's Answer...and identify all documents that support [Bayer's] denials." Interrog. No. 5. Attached hereto as Exhibit 1 is a true and correct copy of Abbott Interrogatory No. 5 and Bayer's Response thereto.

5   In its response to Abbott Interrogatory No. 5, Bayer does not identify any Bayer product other than the Centaur by name and identifies no documents in support of Bayer's denials of infringement.

6.   Attached hereto as Exhibit 2 is a true and correct copy of Abbott Document Request No. 60, which seeks "All documents identified or referred to, either explicitly or implicitly, in Bayer's Response to Abbott's First Set of Interrogatories," and Bayer's Response thereto, in which, subject to certain objections, Bayer agreed to produce documents.

7.   During the course of this litigation, Bayer produced computer source code for the ADVIA Centaur and ACS-180 devices to Abbott as well as documents relating to those devices. (Bayer has contended that the ACS-180, which was a predecessor to the Centaur, constitutes prior art to certain of the Patents-in-Suit.) Bayer did not produce any source code for devices other than the Centaur and ACS-180. Nor did Bayer produce documentation relating to other Bayer devices from which Abbott could have assessed the extent, if any, to which those other devices may have infringed on the Patents in Suit.

I declare under penalty of perjury under the laws of the States of California and Delaware that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 23rd day of August, 2005 at Los Angeles, California.

*/s/ Jason L. Haas*
Jason L. Haas (CA Bar #217290)

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **Abbott Laboratories,** <br>     **Plaintiff,** <br><br> v. <br><br> **Bayer Healthcare LLC,** <br>     **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **Civil Action No. 04-1251-GMS** |

**BAYER HEALTHCARE'S RESPONSES TO ABBOTT LABORATORIES' FIRST SET OF INTERROGATORIES (NOS. 1-10)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, Bayer Healthcare LLC (Bayer), hereby responds and makes the following objections to Plaintiff Abbott Laboratories, Inc. ("Abbott") Interrogatories Nos. 1-10.

Bayer reserves all objections to the competency, relevancy, materiality, or admissibility at trial of any response to the propounded interrogatories, or to any document produced in response thereto, and reserves the right to amend, modify, or supplement its responses or objections herein, or to move for a protective order.

1

**INTERROGATORY NO. 5:**

State with particularity, on a claim-by-claim, limitation-by-limitation basis, all factual and legal bases for Bayer's denials of infringement set forth in Paragraphs 12, 13, 17 and 18 of Bayer's Answer, identify all persons who have knowledge of any factual basis for those denials, identify the three persons with the most knowledge of the factual bases for those denials, and identify all documents that support your denials.

**RESPONSE TO INTERROGATORY NO. 5:**

Bayer objects to this interrogatory as premature and untimely because it demands trial contentions and contentions regarding the construction of the claims of the patents in suit prior to the time set forth in the Court's scheduling order.

Bayer further objects to this interrogatory to the extent that it demands information that is immune from discovery on the basis of the attorney client privilege, the work product doctrine, or Rule 26(b)(4)(B) immunity.

Without waiving its general and specific objections and subject to them, Bayer responds as follows:

Abbott bears the burden of proof on the issue of infringement. *Centricut, LLC v. The ESAB Group, Inc.*, 390 F.3d 1361, 1367 (Fed. Cir. 2005) ("the patentee has the burden of proving infringement by a preponderance of the evidence"). Bayer has no burden of proof on the infringement issue. Bayer has denied infringement of the patents in part because Abbott, despite several informal requests, has failed to specify how or why it contends Bayer has infringed any claim of any of the patents.

Bayer's denial of infringement is also based upon the fact Abbott has not only failed to specify how or why it believes Bayer has infringed the patents, but also because Abbott has

13

failed to offer any evidence in support of its vague and unintelligible infringement allegations. In fact, Abbott has admitted that it cannot even make a bona fide infringement allegation unless and until it has inspected the source code used to program Bayer's Centaur machines. Bayer should not be required to fashion a response to Abbott's contentions unless and until Abbott is able to make them.

Further, Bayer denied infringement because it cannot be held to infringe any claim of any of the patents-in-suit, either literally or under the doctrine of equivalents, under any legally correct claim construction. An infringement determination "requires a two-step analysis: (1) the scope of the claims must be construed; and (2) the allegedly infringing device must be compared to the construed claims." *C.R. Bard, Inc. v. Davol, Inc.,* 2004 U.S. App. LEXIS 22738, *7 (Fed. Cir. Oct. 29, 2004). The time for claim construction, however, has been set by the Court's scheduling order. In any event, based upon the expected and proper construction of the claims, a comparison of the claims to the operation of Bayer's products and methods reveals that Bayer does not infringe.

## CERTIFICATE OF SERVICE

I, Stephen Timmins, certify that I am counsel for Defendant and Counterclaimant, Bayer Healthcare LLP, and that a true copy of the foregoing BAYER'S RESPONSES TO ABBOTT'S FIRST SET OF INTERROGATORIES (Nos. 1-10) was served on counsel for Plaintiff and Counterdefendant, Abbott Laboratories, Inc., on this date in the manner set forth below:

**By Electronic Service As Agreed By The Parties And First Class Mail:**
Mary B. Graham, Esq. #2256
Morris, Nichols, Arsht & Tunnell
1201 North Market St.
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200 (voice)
(302) 658-3989 (facsimile)

Andrea Weiss Jeffries, Esq.
Stuart Senator, Esq.
Jason L. Haas, Esq.
Munger, Tolles & Olson LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071-1560
(213) 683-9100 (voice)
(213) 687-3702 (facsimile)

Date:   April 14, 2005          By: _____
                                    Stephen Timmins

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Abbott Laboratories,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>Bayer Healthcare LLC,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 04-1251-GMS |

**BAYER HEALTHCARE'S RESPONSES TO ABBOTT LABORATORIES' FIRST
SET OF DOCUMENT REQUESTS (NOS. 1-60)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Bayer Healthcare, LLC ("Bayer"), hereby responds and makes the following objections to Plaintiff Abbott Laboratories, Inc.'s, ("Abbott") Requests For Production Nos.1-60.

Bayer reserves all objections to the competency, relevancy, materiality, or admissibility at trial of any responses to the propounded document requests, or to any documents or things produced in response thereto, and reserves the right to amend, modify, or supplement its responses or objections herein, or to move for a protective order.

**REQUEST FOR PRODUCTION NO. 60**

All documents identified or referred to, either explicitly or implicitly, in Bayer's response to Abbott's First Set of Interrogatories.

**RESPONSE TO REQUEST NO. 60:**

Bayer objects to this request on the ground that it seeks documents protected by the attorney client privilege, the attorney work product and/or Rule 26(b)(4)(B) immunity. Without waiving the objections raised in its Response to the First Set of Interrogatories and raised in its general or specific objections, and subject to them, Bayer will produce or make available for inspection relevant, non-privileged, non-work product documents in its possession that it identifies or refers to in its responses to the interrogatories.

Dated: April 14, 2005         By _____

WOODCOCK WASHBURN LLP
Dale M. Heist, Esq.
Lynn B. Morreale, Esq.
Paul B. Milcetic, Esq.
Stephen Timmins, Esq.
One Liberty Place - 46th Floor
17th and Market Streets
Philadelphia, PA 19103
(215) 568-3100

CONNELLY BOVE LODGE & HUTZ
Rudolf E. Hutz, Esq. #484
Jeffrey B. Bove, Esq. #998
James D. Heisman, Esq. #2746
The Nemours Building
1007 North Orange St.
PO Box 2207
Wilmington, Delaware 19899
(302) 658-9141

**Attorneys for Defendant and Counterclaimant**

53

## CERTIFICATE OF SERVICE

      I hereby certify that on August 23, 2005, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> James D. Heisman, Esquire
> CONNOLLY, BOVE, LODGE & HUTZ LLP
> The Nemours Building
> 1007 North Orange Street
> Wilmington, DE 19801

      Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on August 23, 2005 upon the following individuals in the manner indicated:

**BY FACSIMILE**

| | |
|---|---|
| James D. Heisman, Esquire | Dale M. Heist, Esquire |
| CONNOLLY, BOVE, LODGE & HUTZ LLP | WOODCOCK WASHBURN LLP |
| The Nemours Building | One Liberty Place, 46th Floor |
| 1007 North Orange Street | 17th and Market Street |
| Wilmington, DE 19801 | Philadelphia, PA 19103 |

*/s/ Mary B. Graham*

Mary B. Graham (#2256)

458747