IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT LABORATORIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1251 (GMS) |
| | ) | |
| BAYER HEALTHCARE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

This is a suit for patent infringement in which plaintiff Abbott Laboratories ("Abbott") alleges that defendant Bayer Healthcare LLC ("Bayer") infringes three of Abbott's patents through Bayer's manufacture, sale, and/or use of a product known as the ADVIA Centaur. Abbott now seeks to have the court enter a limited order of dismissal pursuant to Fed. R. Civ. P. 41(a)(2) which would contain the following language:

> This dismissal is with prejudice with respect to, and only with respect to, claims of infringement of [the patents specified in the complaint] against Bayer's ADVIA Centaur product as manufactured, sold, or in public use in the United States prior to Abbott's filing of its complaint in this action on September 10, 2004[.]

(D.I. 44.) Bayer objects to this language because, in its view, Abbott's complaint alleged infringement by more Bayer products than simply the ADVIA Centaur. In fact, according to Bayer, the complaint charges *all* of its products with infringement. Thus, argues Bayer, adopting Abbott's proposed language would impermissibly permit Abbott to get a second bite apple in a subsequent suit alleging infringement by the remainder of Bayer's products. Therefore, Bayer urges the court to simply enter an order of dismissal "with prejudice," which Bayer contends would effectively foreclose Abbott from ever asserting any of the three patents at issue against any of Bayer's currently existing products.

One problem with Bayer's argument is that the complaint specifies only one infringing product – the ADVIA Centaur. It does not accuse any other product, much less *all* of Bayer's existing products, with infringement. The language from Count I is a representative example:

> In violation of 35 U.S.C. § 271(a), Bayer has made, used, offered for sale and/or sold in the United States products that infringe one or more claims of [U.S. Patent No. 5,576,215], including a product commercially marketed under the brand name ADVIA Centaur immunoassay system, which Abbott is informed and believes Bayer manufactures and sells through its Diagnostics Division.

(D.I. 1 ¶ 7.) Although the language technically may be broad enough to encompass products other than the ADVIA Centaur, it by no means encompasses *all* of Bayer's existing products. Merely because Bayer "has made" an allegedly infringing product does not mean that is the extent of what Bayer makes. Therefore, the court rejects Bayer's reading of the complaint.

Nevertheless, the court will grant Bayer's cross-motion to dismiss Abbott's complaint with prejudice, but for different reasons. The court believes it would be imprudent to decide in advance which of Bayer's products Abbott should be precluded from accusing of infringement because Article III courts are forbidden from rendering advisory opinions. If Abbott files suit against Bayer again, Bayer can make its *res judicata* arguments to that court. Moreover, it is unnecessary to specify a particular product in the order of dismissal because the law does not require it. In *Young Eng'rs, Inc. v. United States Int'l Trade Comm.*, the alleged infringer argued that a prior infringement case that was dismissed "with prejudice" precluded future litigation against it based on the same patent. 721 F.2d 1305, 1316 (Fed. Cir. 1983). The Federal Circuit flatly rejected that argument:

> With respect to patent litigation, we are unpersuaded that an "infringement claim," for purposes of claim preclusion, embraces more than the specific devices before the court in the first suit. . . . [W]here the alleged infringer prevails, the accused devices have the status of noninfringements, and the defendant acquires the status of a

2

> noninfringer to that extent. We reject [the] theory that under principles of *res judicata* [the accused infringer in the prior case] became an unfettered licensee.

*Id.* Thus, although the court will grant Bayer's cross-motion, it will do so without adopting Bayer's reasoning.

Dated: August 29, 2005                               /s/ Gregory M. Sleet
                                                                                                           UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT LABORATORIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1251 (GMS) |
| | ) | |
| BAYER HEALTHCARE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

IT IS HEREBY ORDERED THAT:

1. Abbott's motion for order of dismissal be DENIED;

2. Bayer's cross-motion for order of dismissal be GRANTED;

3. Abbott's complaint against Bayer in this case be DISMISSED with prejudice; and

4. All counterclaims by Bayer against Abbott in this action be DISMISSED without prejudice.

Dated: August 29, 2005                    /s/ Gregory M. Sleet
                                          UNITED STATES DISTRICT JUDGE